IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30163
_____

ALFOUS G. FERRIER, JR.,

Plaintiff-Appellee,

versus

RAYTHEON AEROSPACE COMPANY,
doing business as Beech Aerospace Services, Inc.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
(96-CV-957-C)
_____

October 1, 1999

Before REAVLEY, HIGGINBOTHAM and DENNIS, Circuit Judges.

PER CURIAM:[*]

The judgment of the district court is affirmed for the following reasons:

1.      The jury found that Raytheon discharged Ferrier because it perceived that he was disabled, incapable of performing the class of jobs for which he is skilled. The district court set out the evidence supporting the verdict in pages 4 through 10 of its November 4, 1997 order denying Raytheon's motion for judgment as a matter of law. The following evidence supports the finding that Raytheon believed Ferrier incapable of performing a class of jobs: (1) Raytheon did not attempt to transfer Ferrier to a different

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

work site or to position where he would not directly work on customs' planes and (2) Fred Janneck, Ferrier's immediate supervisor, wrote a memo that referred to Ferrier as being on "disability" leave.

2.      The argument made by Ferrier's attorney referring to caselaw was not prejudicial in light of the court's instructions to the jury.

3.      The court did not abuse its discretion in admitting the testimony of Kirk Drumm that tended to prove Janneck's, therefore Raytheon's, discriminatory intent.

4.      The district court instructed the jury that "[t]he major life activity of working is perceived as 'substantially limited' if a person is regarded as significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." Raytheon's complaint that the jury was not adequately instructed is not well taken.

5.      Although the court vacated the $500,000 punitive damage award and remitted the compensatory damage award from $500,000 to $323,393.87, the court acted within its discretion in denying a new trial over Raytheon's claim that the verdict showed "bias, passion, and prejudice."

6.      The evidence of loss of income, medical expenses, and emotional and psychological trauma suffered by Ferrier supports the compensatory damage award.

AFFIRMED.